IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CAROLINE ELIZABETH MOORE AS
ADMINISTRATRIX OF THE ESTATE OF
DEREK MITCHELL SMITH AND AS PARENT
AND GUARDIAN OF DAXTON ALEXANDER MOORE,
A MINOR, AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF
DEREK MITCHELL SMITH                                                         Plaintiff,

VS.                                                        CASE NO. 3:18CV025-NBB-RP

TUNICA COUNTY, MISSISSIPPI,
JAYLIN JAMES, ROBERT MELVIN, TREY MITCHELL,
VADOUS WILLIAMS, BARBARA ROACH, RHONDA BROWN,
SYLVESTER THOMAS, _____GHTEN,
AND JOHN DOES 1-10                                                            Defendants.

## AMENDED COMPLAINT

COMES NOW the Plaintiff, by counsel, and file this Amended Complaint and in support hereof would show and state unto the Court as follows, to-wit:

1.      Derek Mitchell Smith died on February 11, 2017. The Plaintiff, Caroline Moore, is the duly appointed and acting Administratrix of his estate of by virtue of an Order entered in Cause No. 17-cv-634 of the Chancery Court of the DeSoto County, Mississippi. At the time of his death Derek Mitchell Smith was an adult resident citizen of DeSoto County, Mississippi, and was unmarried. He was the father of one child, namely Daxton Alexander Moore, a minor whose date of birth is October 15, 1989. Caroline Elizabeth Moore is the natural mother of Daxton Alexander Moore and is the duly appointed and acting Guardian of said child state by

virtue of an Order entered in Cause No. 17-cv-492 of the Chancery Court of the DeSoto County, Mississippi.

2. The Defendant Tunica County, Mississippi is a political subdivision of the State of Mississippi. The Defendants Jaylin James, Robert Melvin, Trey Mitchell, Vadous Williams, Barbara Roach, Rhonda Brown, Sylvester Thomas and _____ghten were at all times relevant to this cause of action deputies and/or employees of the Tunica County Sheriff's department and were acting in such capacity. The defendants designated John Doe 1-10 were, at the times relevant to this complaint, employees of Tunica County, Mississippi whose names are unknown to Plaintiff at the present time and who are so designated pursuant to Rule 9h of the Federal Rules of Civil Procedure.

FACTUAL BACKGROUND

3. On February 9, 2017 while in Tunica County, Mississippi, Derek Mitchell Smith sustained a blow to his head and was unconscious for several minutes. Tunica County deputy sheriffs, including deputies James, Melvin and Mitchell, arrived at the scene. The said deputies knew that Mr. Smith had suffered a head injury and loss of consciousness. After Mr. Smith allegedly failed to comply with the deputies' commands, they electroshocked him at least twice with a Taser weapon and arrested him.

4. Mr. Smith was received at the Tunica County Jail at approximately 11:45 p.m. on February 9, 2017. One or more of the individual Defendants, James, Melvin, Mitchell, Williams, Roach, Brown, Thomas, _____ghten, and/or John Does 1-10 had knowledge of the injury to Mr. Smith. He was booked in shortly after midnight on February 10, 2017 on charges of resisting/obstructing arrest, public drunk, and disturbing the peace. After being placed in a cell Mr. Smith did not respond, eat, or appear to be alert. At approximately 5:15 p.m. on February

10, 2017 jail employees contacted an emergency medical service and reported that Mr. Smith was unconscious. The emergency service employees arrived at the jail and checked Mr. Smith at 5:40 pm. They found him to be suffering from a possible brain hemorrhage. Mr. Smith was not allowed to leave the jail until approximately 6:41 pm. He was transported from the jail by ambulance and taken to BMH- DeSoto. Attempts to revive him were unsuccessful and he was transferred to the Regional One Health Center in Memphis, Tennessee. Mr. Smith was diagnosed with a traumatic brain injury and internal hemorrhaging. On February 11, 2017 further testing confirmed Mr. Smith's brain death.

5.	On February 11, 2017 Derek Mitchell Smith was 27 years of age and in good overall health. He had a life expectancy of approximately 50 years on such date.

## COUNT I.

## TORTS CLAIM ACT

6.	The Defendant Tunica County, Mississippi is liable under the provisions of § 11-46-1, et seq. Mississippi Code 1972, Amended.

7.	On February 9 and 10, 2017 employees and servants of Tunica County were guilty of one or more of the following acts of negligence, for which Tunica County, Mississippi is liable under the Mississippi Torts Claim Act:

(a)	Failure to obtain an adequate medical examination of Derek Mitchell Smith when such servants and employees of Tunica County knew or reasonably should have known, that he had suffered a head injury and loss of consciousness, and when they knew that he had a serious medical condition;

(b)	Failure to adequately monitor and observe the condition of Derek Mitchell Smith;

(c)	Failure to render nursing care to Derek Mitchell Smith;

(d) Failure to provide Derek Mitchell Smith necessary medical treatment; and

(e) Use of excessive force against Derek Mitchell Smith under the circumstances then existing, including his prior head injury;

(f) Such additional acts and omissions as may be more fully shown at the trial of this case.

8. Such actions and omissions by the servants and employees of Tunica County, Mississippi constitute wanton and willful negligence and reckless disregard for the safety and wellbeing of Derek Mitchell Smith and constitute outrageous conduct.

### VIOLATION OF RIGHTS OF DEREK MITCHELL SMITH UNDER THE UNITED STATES CONSTITUTION

9. Plaintiff incorporates by reference each preceding paragraph of this Complaint as if fully set forth verbatim.

10. Additionally or alternatively, the Defendants James, Melvin, Mitchell, Williams, Roach, Brown, Thomas, _____ghten, John Does 1-10 and/or Tunica County, Mississippi are liable under the provisions of 42 USC 1983. Said Defendants, acting under color of the laws of the State of Mississippi, caused Derek Mitchell Smith to be subjected to the deprivation of rights, privileges, and immunities secured to him under the constitution of the United States of America.

11. Defendants James, Melvin, Mitchell, Williams, Roach, Brown, Thomas, _____ghten, and/or John Does 1-10 knew, that Derek Mitchell Smith had sustained a serious head injury and/or had a serious medical condition. The failure and/or delay of the servants and employees of Tunica County, Mississippi to obtain a medical examination, to provide minimally adequate nursing care and/or to provide medical treatment constituted deliberate indifference to Mr. Smith's serious medical need under the facts and circumstances then existing.

12. Upon information and belief at all times reference herein the individual Defendants were employees of Tunica County, Mississippi, particularly the Tunica County Sheriff's Department and were acting with color of state law and in the course and scope of their employment. While acting under color of state law one or more of the said Defendants were guilty of the following acts:

(a) Using unnecessary and excessive force in the arrest of Derek Mitchell Smith in violation of his rights under Fourth Amendment of the United States Constitution;

(b) Denying Derek Mitchell Smith his right to basic nursing and/or medical care in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution; and

(c) Acting with deliberate indifference, or the legal equivalent thereof, to the serious medical need of Derek Mitchell Smith in violation of his rights under the Fourth, Eighth and Fourteenth Amendment to the United States Constitution.

13. Additionally and/or alternatively Tunica County, Mississippi failed to adopt and/or effectively implement adequate policies regarding specific procedures for dealing with individuals suffering from impairment and/or injuries and the use of force upon impaired and/or injured individuals, failed to adopt and effectively implement adequate policies regarding specific procedures for dealing with detainees at its jail having potentially serious medical needs; and failed to provide sufficient training for its staff with regard to such policies. The lack of such policies and training caused or contributed to the violation of the civil rights of Derek Mitchell Smith and to his injury and death.

COUNT III.

VIOLATION OF THE RIGHTS OF DEREK MITCHELL SMITH UNDER
THE MISSISSIPPI CONSTITUTION

14. Plaintiff incorporates by reference each preceding paragraph of this Complaint as if fully set forth verbatim.

15. Additionally or alternatively the Defendants James, Melvin, Mitchell, Williams, Roach, Brown, Thomas, _____ghten, and/or John Does 1-10 and Tunica County, Mississippi are liable under the laws of the State of Mississippi for the deprivation of rights, privileges, and immunities secured to Derek Mitchell Smith under the Constitution of the State of Mississippi.

16. The detention and confinement of Derek Mitchell Smith by said Defendants were in violation of his rights under Art. 3, Sections 14, 23, and 28 of the Mississippi Constitution.

17. The arrest and electroshock of Derek Mitchell Smith by said Defendants James and Melvin constituted the use of excessive force in violation of his rights under Art. 3, Section 23 of the Mississippi Constitution.

18. The denial by said Defendants of basic medical care to Derek Mitchell Smith was in violation of his rights under Art. 3, Sections 14 and 28 of the Mississippi Constitution.

19. The actions of said Defendants evidencing deliberate indifference, or the legal equivalent thereof, to the serious medical need of Derek Mitchell Smith were in violation of his rights under Art. 3, Sections 14 and 28 of the Mississippi Constitution.

20. Additionally and/or alternatively Tunica County, Mississippi failed to adopt and/or effectively implement adequate policies regarding specific procedures for dealing with individuals suffering from impairment and/or injuries and the use of force upon impaired and/or injured individuals, failed to adopt and effectively implement adequate policies regarding specific procedures for dealing with detainees at its jail having potentially serious medical needs;

and failed to provide sufficient training for its staff with regard to such policies. The lack of such policies and training caused or contributed to the violation of the civil rights of Derek Mitchell Smith and to his injury and death.

21. As a direct and proximate result of the actions and omissions of Defendants James, Melvin and John Does 1-10, and Tunica County, Mississippi, Derek Mitchell Smith sustained actual damages including, but not limited to:

(a) Deprivation of basic constitutional rights of Derek Mitchell Smith secured to him by the United States and Mississippi Constitutions;

(b) Death of Derek Mitchell Smith;

(c) Physical pain and suffering by Derek Mitchell Smith;

(d) Medical and hospital bills incurred on or behalf of Derek Mitchell Smith;

(e) Mental anguish and emotional distress;

(f) Loss of enjoyment of life suffered by Derek Mitchell Smith;

(g) Loss of wage earning capacity suffered by Derek Mitchell Smith;

(h) Burial cost and expenses incurred for and on behalf of Derek Mitchell Smith;

(i) The Plaintiff's loss of society and companionship with Derek Mitchell Smith; and

(j) All additional non-economic and actual economic damages and punitive damages which are recoverable by the Plaintiff as a result of the actions and omissions of the Defendants.

## COUNT IV

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment as follows:

(a) Under Count I Plaintiff demands judgment of and from Defendant Tunica County, Mississippi in an amount to be determined by the Court at the trial of this case within the jurisdictional limits of this Court and within the applicable limits of the Mississippi Torts Claim

Act and/or the policy of general liability insurance insuring the County and its employees, whichever is greater, together with interest from and after the date of judgment.

(b) Under Count II Plaintiff demands judgment of and from Defendants James, Melvin, Mitchell, Williams, Roach, Brown, Thomas, _____ghten, John Does 1-10 and Tunica County, Mississippi jointly and severally, in an amount to be set by a jury at the trial of this case for both actual and punitive damages, together with a reasonable attorney's fee and interest on the entire amount from and after the date of judgment.

(c) Under Count III Plaintiff demands judgment of and from Defendants James, Melvin, Mitchell, Williams, Roach, Brown, Thomas, _____ghten, John Does 1-10 and Tunica County, Mississippi jointly and severally, in an amount to be set by a jury at the trial of this case for both actual and punitive damages, together with a reasonable attorney's fee and interest on the entire amount from and after the date of judgment.

Respectfully Submitted,

**BRIDGFORTH, BUNTIN & EMERSON, PLLC**
*Attorneys for Plaintiff*

s/ *Taylor Buntin*
Taylor Buntin (MSB #7525)
P.O. Box 241
Southaven, MS 38671
(662) 393-4450
taylor@bbelawyers.com


s/ *H. R. Garner*
H. R. Garner (MSB # 4754)
P. O. Box 443
Hernando, MS 38632
(662) 429-4411
hrgarner@telepak.net
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I, Taylor Buntin, attorney of record for the Plaintiff in the above styled and numbered cause, do hereby certify that on the 24th day of July, 2018 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

- **Harry Randolph Garner**
  hrg@hrgarner.com
- **David D. O'Donnell**
  dodonnell@claytonodonnell.com,mhinton@claytonodonnell.com

                                                               s/ *Taylor Buntin*
                                                               Taylor Buntin